RONALD R. GARCIA,

    Plaintiff,

v.

JORGE MENDES, *et al.*,

    Defendants.

_____/

## **ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**

This case comes before the Court for a screening of Plaintiff's *pro se* Amended Complaint. DE 5; *see* 28 U.S.C. § 1915(e)(2). The Court previously granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and dismissed the original Complaint without prejudice for failure to state a claim on which relief could be granted. DE 4. Plaintiff raises claims relating to two incidents with law enforcement in the Amended Complaint. *See* DE 5.

### I.    Incident #1

With respect to Incident #1, Plaintiff brings a claim of use of excessive force during his July 28, 2018 arrest. *Id.* at 1-2. He alleges that Deputies Tucker and Osteen of the St. Lucie County Sheriff's Office approached him due to a trespassing complaint, that he stood up from his chair, and that the Deputies immediately threw him to the ground, punched him in the face, and kicked him in the ribs, fracturing his cheekbone and cracking his ribs. *Id.* at 1. He further alleges that, after being arrested, his hands were tightly handcuffed for over nine hours, causing them to

become purple and numb. *Id.* He was booked on a charge of resisting arrest without violence and later pled guilty.[1] *Id.* at 1-2.

Plaintiff has pled a plausible excessive-force claim against Deputies Tucker and Osteen. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008) (stating that the viability of a claim of excessive force during an arrest depends on whether the force used was objectively reasonable and providing factors by which to evaluate objective reasonableness); *see also Trujillo v. Florida*, 481 F. App'x 598, 599 (11th Cir. 2012) (stating that the plausibility pleading standard applies when a court is screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted).

Plaintiff also brings his excessive-force claim against the St. Lucie County Sheriff's Office, but he has not pled a plausible claim against the Sheriff's Office. The Sheriff's Office is a municipal body that cannot be held liable for a civil rights violation under 42 U.S.C. § 1983 based on a theory of *respondeat superior* or vicarious liability. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To impose liability on a municipality under § 1983 for injuries that employees caused, a plaintiff must show that his constitutional right was violated, that the municipality had a custom or policy that constituted deliberate indifference to the constitutional right, and that the custom or policy caused the constitutional violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). The plaintiff must identify "either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton Cty.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003) (stating that, under either avenue,

---

[1] To the extent that Plaintiff also raises a false-arrest claim with respect to Incident #1, his eventual plea establishes probable cause for his arrest and defeats a false-arrest claim. *See Stephens v. DeGiovanni*, 852 F.3d 1298, 1319-20 (11th Cir. 2017).

the plaintiff must show that the municipality "has authority and responsibility over the governmental function in issue" and "must identify those officials who speak with final policymaking authority for [the municipality] concerning the act alleged to have caused the particular constitutional violation in issue"). The Amended Complaint does not contain any allegations that the St. Lucie County Sheriff's Office had a custom or policy that caused excessive force to be used against Plaintiff. *See* DE 5 at 1-2. Thus, the Amended Complaint fails to state a plausible claim against the Sheriff's Office.

The original Complaint did not include a claim relating to Incident #1, and, therefore, the Amended Complaint presents the first time that Plaintiff is raising his excessive-force claim regarding his July 28, 2018 arrest. The Court concludes that permitting him to amend his excessive-force claim against the St. Lucie County Sheriff's Office may not be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (explaining that a plaintiff generally must be given at least one chance to amend a complaint before an action is dismissed with prejudice when a more carefully drafted complaint might state a claim for relief). And, as explained above, he has raised a plausible excessive-force claim against Deputies Tucker and Osteen.

The Amended Complaint suffers from further pleading deficiencies because it does not comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Therefore, Plaintiff must replead his excessive-force claim against the St. Lucie County Sheriff's Office and Deputies Osteen and Tucker in a Second Amended Complaint. He shall title the pleading "Second Amended Complaint." He shall comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, the Second Amended Complaint shall include a caption as required by Rule 10(a). *See* Fed. R. Civ. P. 10(a) (requiring every pleading to have a caption with the court's name, the pleading's title, the court file number, and

the names of all of the parties). Plaintiff shall make his allegations in separately numbered paragraphs and shall list each legal claim against each defendant in a separate count as required by Rule 10(b). *See* Fed. R. Civ. P. 10(b) (requiring a party to state claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and to state claims in separate counts if doing so promotes clarity). He shall include all of the factual allegations supporting his excessive-force claims in the Second Amended Complaint and may not incorporate prior pleadings by reference. The Court will not consider allegations not included within the Second Amended Complaint when conducting a further screening. Plaintiff's excessive-force claim related to his July 28, 2018 arrest is dismissed without prejudice and with leave to amend.

## II. Incident #2

Plaintiff brings a false-arrest claim with respect to Incident #2, the incident that was the subject of the original Complaint. DE 5 at 3; *see also* DE 1. He alleged in the Complaint that a woman who was unknown to him "kept walking" into his home and that, on August 15, 2019, she called law enforcement. DE 1 at 6. When law enforcement arrived at the home, officers arrested him for battery, reporting that he had "put [his] finger on [the woman's] shoulder." *Id.* at 6-7. The battery charge eventually was dismissed. *Id.* at 7.

In the prior Order dismissing the Complaint, the Court explained that Plaintiff failed to state a plausible false-arrest claim because he failed to make allegations showing that the officers lacked probable cause to arrest him for battery for touching the woman. *See* DE 4 at 4-5; *see also* Fla. Stat. § 784.03(1)(a)(1) (defining battery to include actually and intentionally touching or striking another person against the will of the other); *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004) (stating that the existence of probable cause at the time of arrest "constitutes an absolute bar to a section 1983 action for false arrest").

The Amended Complaint suffers from the same pleading deficiency.[2] Plaintiff does not deny touching the woman. *See* DE 5 at 3. He instead contends that he could have used greater force—even deadly force—to protect his home against the woman, who was an intruder. *Id.* Despite whether he was legally entitled to use force to protect his home, his allegations show that there was confusion at the time of the incident about whether he owned the home. *See* DE 1 at 6 (stating that Plaintiff "was getting the title" to prove to law enforcement that he owned the home); *see also* DE 5 at 3 (stating that, when Plaintiff was released from jail following his false arrest, he was not permitted to enter the home and later "lost" the home). The Court also takes judicial notice of the Complaint that Plaintiff filed in *Garcia v. Schutter*, 2:19-cv-14326 (S.D. Fla.), DE 1, in which he raised a dispute over the ownership of the home. *See* Fed. R. Evid. 201(b) (permitting a court to take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from accurate sources); *Universal Express, Inc. v. United States Sec. & Exch. Comm'n*, 177 F. App'x 52, 53-54 (11th Cir. 2006) (stating that a court may take judicial notice of public records, including court filings, on a motion to dismiss without converting the motion into a summary judgment motion).

Given the allegations indicating that there was a dispute at the time over the ownership of the home, and given that Plaintiff has not denied touching the woman, the allegations fail to show that law enforcement lacked probable cause to arrest him for battery. *See Kingsland*, 382 F.3d at 1226 (stating that probable cause exists "when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, could cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense" (quotation marks omitted)). Thus, he still has not pled a plausible

---

[2] Plaintiff incorporates the Complaint into the Amended Complaint by relying on allegations that he made in the Complaint. The Amended Complaint is not a stand-alone document.

false-arrest claim. As the Court gave him a prior opportunity to plead a plausible false-arrest claim relating to the August 15, 2019 incident, and he did not correct his pleading deficiencies, the Court concludes that permitting a further amendment of this claim would be futile. *See Bryant*, 252 F.3d 1163 (stating that a plaintiff need not be given a further chance to amend a complaint where amendment would be futile). Plaintiff's false-arrest claim related to the August 15, 2019 incident is dismissed with prejudice.[3]

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. The Amended Complaint [DE 5] is **DISMISSED**. Plaintiff's excessive-force claim related to the July 28, 2018 incident is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**. His false-arrest claim related to the August 15, 2019 incident is **DISMISSED WITH PREJUDICE**.

2. Plaintiff shall file a Second Amended Complaint repleading his excessive-force claim **by no later than February 11, 2020**. The Second Amended Complaint shall comply with the instructions given in this Order. Plaintiff's failure to file a Second Amended Complaint by February 11 will result in the closure of this case without further notice.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of January, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copy furnished to *pro se* Plaintiff

---

[3] To the extent that Plaintiff contends that the woman committed a crime but was not arrested, he lacks standing to sue for the criminal prosecution of another. *See Smith v. Shook*, 237 F.3d 1322, 1324 (11th Cir. 2001) (stating that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" (quotation marks omitted)).